IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN PIERCE, derivatively on behalf of )
FERRELLGAS PARTNERS, L.P., )
                                        )
           Plaintiff,                   )
                                        )
       v.                               )   Case No. 17-2160-JWL
                                        )
JAMES E. FERRELL, ALAN C.               )
HEITMANN, STEPHEN L. WAMBOLD,           )
and FERRELLGAS, INC.,                   )
                                        )
           Defendants,                  )
                                        )
and FERRELLGAS PARTNERS, L.P.,          )
                                        )
           Nominal Defendant.           )
                                        )
_____ )

## **MEMORANDUM AND ORDER**

On August 2, 2019, the parties filed a stipulation with a proposed order of dismissal of this derivative action without prejudice (Doc. # 11). In the stipulation, the parties have proposed that the order *not* require that any notice be given to shareholders, which the parties state is unnecessary to protect the interests of the company and its shareholders for particular reasons. On August 12, 2019, the Court ordered the parties to show cause why the Court should approve the dismissal of this action without the notice to shareholders required by Fed. R. Civ. P. 23.1(c). The parties were directed to address particular issues in their response. On August 27, 2019, the parties filed a joint response to the Court's order.

Fed. R. Civ. P. 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action without court order by filing a stipulation signed by all parties, but that rule is expressly subject to Rule 23.1(c). Fed. R. Civ. P. 23.1(c) provides as follows:

> A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

*See id.* In *Bushansky v. Armacost*, 2014 WL 2905143 (N.D. Cal. June 25, 2014), the court reviewed the relevant caselaw and summarized the purpose of this notice requirement as follows:

> The notice requirement ensures that dismissal of the derivative suit is in the best interests of the corporation and the absent stockholders. More specifically, notice and court approval of settlements under Rule 23.1 discourage private settlements under which the plaintiff-stockholder and his attorney profit to the exclusion of the corporation and nonparty stockholders. In this way the notice requirement guards against collusive settlement practices. Courts also recognize the need for notice to prevent dismissals which are due primarily if not entirely to the named plaintiff's change in heart about prosecuting the action. Finally, notice is required because if the dismissal were to occur after the statute of limitations had run, the dismissal would bar any prosecution of the claim against the corporate officials.

*See id.* at \*1 (quotations and internal citations omitted).

The parties would have the Court waive the notice requirement in this case. "While the language of Rule 23.1(c) suggests that notice is mandatory, courts have exercised their discretion to allow parties to dispense with the notice requirement in at least three circumstances: when a claim is dismissed after litigation on the merits[;] when a claim is dismissed because it has become moot; and when absent class members will not be prejudiced by the lack of notice, and the expense of giving notice would be unduly

burdensome to the named plaintiff." *See id.* at *2 (quotations and internal citations omitted). "In cases where courts have excused notice, they have done so only in very limited circumstances." *See id.* at *5.

In their response, the parties rely on the second and third circumstances listed above. The parties first argue that the present claims are effectively moot in light of the dismissal by a New York federal court (affirmed by the Second Circuit) of securities claims against the corporation based on the same misrepresentations and omissions that underlie the claims in the present derivative suit. The parties have not argued, however, that the present claims are legally barred by estoppel or some other doctrine in light of the dismissal in the securities action. Indeed, the fact that the plaintiffs in the other action did not plead plausible violations of securities laws would not necessarily mean that the common-law claims asserted in the present suit could not succeed. Thus, the present claims are not legally moot in the sense that would support waiver of the notice requirement on that basis alone.

Essentially, the parties argue that the weakness of the present claims is demonstrated by the dismissal in the parallel case, and that shareholders need not be protected by notice because the risk of losing is too high in light of the cost of proceeding with the suit. The Court will consider that argument in the context of weighing the potential prejudice to shareholders from a lack of notice against the burden of providing notice (the third circumstance for waiver listed above). In support of their argument for waiver, the parties also note that shareholders were not given notice of this action, and the likelihood that any shareholder has forgone filing a separate action in reliance on this one is therefore reduced.

3

Finally, the parties argue that the cost of providing direct-mail or publication notice to all shareholders would be significant.

Other factors weigh against dispensing with the notice requirement in this case, however. As noted, the present claims are not barred by the decision in the New York case, so there is at least the possibility that another shareholder may wish to pursue these claims. It is true that the applicable statutes of limitations have not yet run for the claims asserted in this case, but according to the parties, the statute for one claim expires on September 28, 2019; thus another shareholder would have only a very sort period in which to learn of the dismissal and file a separate suit. Finally, the parties have not explained why it would be cost-prohibitive for notice to be given in alternative ways, for instance on the corporation's website, in a Form 8-K filing with the SEC, in a press release issued by the corporation, or in a quarterly report. In *Bushansky*, the court noted that such forms of notice would satisfy due process and overcome the prohibitive cost of notice by mail or publication. *See id.* at *6-7.

In conclusion, the parties have not shown that there is no risk of prejudice if this case is dismissed without notice to the shareholders, and there may be alternative means that would allow notice to be given at minimal cost. Therefore, the Court will not approve dismissal of the case at this stage without the notice required by Rule 23.1(c). The parties are ordered to confer and to file a joint proposed notice plan with the Court by **October 4,**

**2019**. That plan should include the content of the notice,[1] the methods of providing the notice, and dates of the intervention period.[2] If the parties cannot agree on all details of the notice plan, they shall note any such disagreements in their joint filing. The Court will then approve or require revision of the plan submitted by the parties. If no shareholder moves to intervene within the designated time period, the Court will approval dismissal of the action.

    IT IS SO ORDERED.

    Dated this 12th day of September, 2019, in Kansas City, Kansas.

                                                   s/ John W. Lungstrum
                                                   John W. Lungstrum
                                                   United States District Judge

---

[1] The proposed notice included in the parties' response to the show cause order appears to be sufficient.

[2] In *Bushansky*, the court ordered the submission of a notice plan that included notice on the website, an 8-K filing, and a press release – methods the parties had suggested in that case. *See Bushansky*, 2014 WL 2905143, at *6-7. In *Cannon, ex rel. Bridgepoint Educ., Inc. v. Clark*, 2015 WL 4624069 (S.D. Cal. Aug. 3, 2015), the court relied on *Bushansky* in ordering submission of a notice plan; because the parties had not suggested alternative means of notice in that case, however, the court did not require that the proposed plan include particular methods of providing notice. *See id.* at *5-6. In their response to the show cause order in this case, the parties did not address the possibility of the alternative, more economical methods of providing notice discussed in *Bushansky*; thus the Court will not yet dictate the methods of providing notice in this case – although it will do so if the parties do not propose means that the Court deems acceptable.